Freeman, J.,
delivered the opinion of the court.
This is an action of forcible entry and detainer, commenced by warrant before three Justices of the Peace. The warrant is in the -name of plaintiffs as trustees of the M. E. Church, South, and complains “ of a certain forcible entry and unlawful detainer made by defendants” of a certain town lot and church-house on the same in the town of Athens, and alleges that the parties plaintiff are entitled to the possession of said lot and church-house, which the defendants unlawfully detain from them.
The ease was appealed to the Circuit Court from the judgment of the Justices, a trial had in that court, verdict for defendants, and motion for new trial overruled, from which there is an appeal in nature of writ of error to this court. Several questions are *75 presented and relied on here for renewal, which we will proceed to notice.
First, that on the trial of the cause the plaintiffs moved the court to exclude from -the jury all members of the M. E. Church, South, and of the Methodist Episcopal Church, on the ground and “because the members of each denomination were directly interested as beneficiaries in the result of this suit,” which the court refused.
By Code, s. 4003, “ no person can act as a juror in any case in which he is interested, except by consent of all the parties.” This provision can only mean by consent of both plaintiff and defendant in the ease, and was intended to secure a fair and impartial jury in any case, as a guaranty for the faithful investigation of the questions of fact submitted for their consideration and an unbiased verdict as the result of such investigation.
That these parties were interested as beneficiaries in the result of this suit we are bound to assume, as-the case is presented in the bill of exceptions. The fact is not controverted, and is assumed to be true by his Honor, by overruling the objection as one not good in law in his judgment. Upon overruling this objection the bill of exceptions says, “but the court permitted A. Marshman, a minister of the Methodist Episcopal Church, Elisha Cox and ¥m. Hoback, members of said church, to serve as jurors. The contest being between the trustees of the M. E. Church, South, and members of the Methodist Episcopal Church, as to possession of the church- *76 house and lot on which it was situated, the question is whether the members of these respective churches were interested in the result, so as to be incompetent jurors under the section of Code above cited.
By the Code, ss. 1508, 1509, it is provided that “any religious denomination or society, whether incorporated or not, may take and hold not exceeding five acres of land at one place for purposes of public worship,” and that “all lands bought or otherwise acquired by any religious denomination or religious society, shall be vested in a board of trustees, or other persons designated by the members of such denomination or society, for the use and benefit thereof.” These provisions make the members of the religious denomination or society who may hold the land, beneficiaries, and expressly provide that the same shall be vested in a board of trustees, or other person designated by the societies, for the use and benefit of such denomination or societies. If a tract of land was conveyed to trustees or other person designated, for the use and benefit of all the members of a certain family, it certainly could not be maintained that any member of that family would be competent as a juror in a case involving the right to the possession of said property, or in which said property was to be effected by the result of the litigation. We can not see the difference between that case and the one before us.
It is insisted, however, very earnestly, that no man is disqualified as a juror because of his religious or *77 political opinions. This is most unquestionably true. But we reply, it is equally true that no man is disqualified to sit on a jury because be belongs to a particular family; yet if property in which he is interested as a member of that family is in litigation, he is excluded from sitting on the jury in that particular case, not because of belonging to or being a member of that family, but because by reason of that connection he has an interest in the property in litigation, and by reason of such interest is rendered incompetent. So in the case before us, while a member of either church is competent as a juror, as such member, and has no general disqualification by reason of such connection, yet he by that connection in this case happens to be one of the beneficiaries in the very property in litigation, and as such beneficiary can not sit as an impartial trier upon his own rights. He is disqualified by reason of his interest, growing out of his connection with the one church or the other, and not on account of his religious opinions, be they what they may.
"We have no doubt of the soundness of this view of the question, and we can very plainly see that the probabilities are that a trial by a jury of the members of either of the contesting societies would be but a farce, as indicated by the evidences of embittered feelings and prejudices engendered by this most unseemly strife between these two bodies of professed Christians.
We therefore hold his Honor erred in overruling the objection of the plaintiff on this question, at the *78 same time remarking, that as a matter of course tbe same objection would bold equally good if made on tbe part of defendants to a member of tbe other, congregation or society.
Several objections are urged to tbe charge of his Honor in this case, one of which we will dispose of. He charged the jury that “forcible entry and de-tainer,” the words by which he designated the case on trial, “is where the defendants enter upon or into premises actually adversely held, and detain them by any kind of violence whatever, done with force, strong hands, or weapons, to the tenants; or by breaking open the doors, windows, or other parts thereof,” etc. This language taken in connection with the subsequent part of the charge was calculated to mislead the jury. While it states a case that would certainly be a case of forcible and unlawful detainer under the statute, yet by the mode of statement, it clearly involves the proposition, and would be so understood by the jury, that actual violence, done with force, and strong hand or weapons to the tenants themselves, would be necessary in order to make out the case defined by the statute. In the case of Gass v. Newman, 1 Head, 138, where one party had made a small enclosure on the land in dispute, and shortly after the other made a larger one, fencing in and surrounding the enclosure of the first occupier, Judge McKinney says: “The plaintiff by his first enclosure had acquired actual possession of so much of the land as was inclosed in it. The law did not permit the defendant by his own act to arrest or obstruct the plaintiff’s possession. *79 Actual force was not necessary. The law • implies force in any unauthorized entry upon the premises of which another is in the peaceable possession; and likewise in any unauthorized obstruction of such possession; and this is sufficient to support the action in a case like the present.” Such we hold to be the well settled law' on the question. A number of other questions are raised and presented in argument, as to competency of jurors, and of a witness, but as they are not likely to arise in another trial of the case, and are of easy solution, we • need not 'discuss them in this opinion, the questions decided being conclusive of the case, and requiring it to be reversed.
We do not think proper to express any opinion on the facts in the record, or to discuss them, as the case must be passed on by another jury. We therefore reverse the case and remand it to the Circuit Court for a new trial.